**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, an Indiana Corporation, | ) ) ) | |
| *Plaintiff*, | ) ) ) | Case No.: _____ |
| v. | ) ) | |
| VILLAGE OF CRESTWOOD, an Illinois Municipal Corporation; CHESTER STRANCZEK, individually; ROBERT STRANCZEK, individually; FRANK SCACCIA, individually; GLORIA E. BARRERA, individually and as Special Administrator for the Estate of RODOLFO SOSA, deceased and IRMA SOSA, deceased; VALERIE YOUNG, individually; JUDY KLESKER, for the Estate of GLORIA KLESKER; BRIANNE FRY, individually; DELORES KOPROWSKI, for the Estate of ANTHONY KOPROWSKI; DAVID GONZALEZ, individually; MARILYN KISSELL, individually; KIRSTIN STRONER, individually; SANDRA MCELLIGOTT, individually and on behalf of JANE KRAMER; VINCENT SERAFINI, individually and for the Estate of WAYNE SERAFINI; WESLEY SERAFIN, individually; TAMI PRINCIPE, individually; MATTHEW FRY, individually; KIMBERLY CRUCE, individually; TONY CHAPA, individually; DAVID CAMPBELL, individually; KATHLEEN LEWANDOWSKI, for the Estate of RICHARD LEWANDOWSKI; JANET BELAK, individually; DENNIS DEVRIES for the Estate of GWENDOLYN DEVRIES; JACOB MAREK, individually; LINDA SCHOBER, individually and on behalf of STEPHANIE SCHOBER and RYAN SCHOBER; KRISTIN BIEN, for the Estate of JAMES BIEN; RITAS ZIUPSNYS, individually; SUSANNE LADINO; individually; DANIEL DIXON, on behalf of FREDRICK SCHMAEDEKE; DANIELLE PROITT, on behalf of MARTIN RODRIQUEZ; DAVID REINICHE, individually; KIM GORZYCKI, on behalf of | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

CAROL SPIEWEK; KAREN REGAN,　　　　　)
individually; DAWN KINCAID, on behalf of　　)
FRED SCHNEIDER; MORDENA SEPHUS,　　　)
individually; PATRICIA REINICHE, individually; )
ROBERT MUDD, individually; SHELLEY　　　)
TORSAN, individually; EAMOND　　　　　　,　)
FITZGERALD, individually; JEFFERY　　　　)
ADCOCK, for the Estate of DEBRA ADCOCK;　)
JENNIFER ARLEN, individually; MELISSA　　)
ARLEN, individually; LOIS DUNCAN, on behalf )
of NORMA DUNCAN; RONALD ARLEN,　　　)
individually; LYNN AVERY, individually;　　　)
THOMAS BADAL, individually; SYLVIA　　　)
BAKER, for the Estate of ELMER BAKER;　　)
DEBORAH BAUER, individually; MICHAEL　)
BELL, SR., individually; DIANNE BERRY,　　)
individually and for the Estate of JEFFERY　　)
BERRY; RAY BIALEK, individually and for　　)
the Estate of DONNA BIALEK; LAURA BLAND, )
for the Estate of GEORGE BLAND; JEFFREY　)
BLAND, individually; MARY BOLISENGA, for )
the Estate of JOSEPH BOLISENGA; DEBORAH )
BOETTCHER, individually; KRISTY　　　　　)
CAMPBELL, for the Estate of MICHAEL　　　)
BOWERS; HAROLD BRADY, individually;　　)
DOROTHY MCCULLOUGH, individually;　　　)
JEFFERY ITHAL, individually; MICHAEL　　)
HAUSER, on behalf of SCOTT HAUSER, minor; )
CLAUDIA JACKOWIAK, individually and for　)
the Estate of RICHARD JACKOWIAK; DAVID　)
JEROSKI, individually and for the Estate of　　)
MARY JEROSKI; RYAN CARTER, for the　　　)
Estate of DOUGLAS JOHNSON; CHARLES　　)
KNOX, individually; BRADLEY LARSON,　　)
individually and for the Estate of JEAN LARSON; )
ASHA MATTHEW, individually; SUSAN　　　)
EZERSKI, for the Estate of FLORENCE　　　　)
RACHUCK; KATHLEEN BRENNAN,　　　　　)
individually; CAROLYN BUONICONTI,　　　　)
individually; FRANK CALDARIO, individually;　)
KRISTINA TIGGELAAR, individually and for the )
Estates of DONALD CAMPBELL and JOHN　　)
TIGGELAAR; ROBERT CAMPBELL,　　　　　)
individually; SABINE CAMPBELL, individually;　)
RAYMOND CANTELO, individually; RYAN　　)
CARTER, individually; TANYA CHAINEY,　　)

2

individually; ANGIE CHAPA, individually;      )
KAREN CHAPUT, individually; DIANE             )
CIEZADLO, individually; FRANK CIEZADLO,       )
individually; ANDREW L. CLARK, individually;  )
KEVIN CLARK, individually; SHARON             )
CONNOLLY, individually; JOYCE CONSDORF,       )
for the Estate of JOHN CONSDORF; ANGELA       )
DEA, individually; CHARLENE EARLEY, for       )
the Estate of DIANE DEFILIPIS; KELLY          )
DELUISE, individually; VINCENT DELUISE,       )
individually; ROBERT DIBENEDETTO,             )
individually; SUSAN DIGUIDO, individually;    )
TERRY DIGUIDO, individually; MICHELLE         )
DOWNEY, individually and for the Estate of    )
BRANDI YOUNG; ROBERT DUBIN, on behalf         )
of the Estate of KRISTIN DUBIN; ANTHONY       )
and MONICA FIORENZO, on behalf of             )
NICKOLAS FIORENZO, minor; BARBARA             )
MACLEAN, individually; HARRY MACLEAN,         )
individually; JACQUELYN MALDEN,               )
individually; MATTHEW MARIAMMA,               )
individually; DAVE MARSZALEK, individually;   )
VANESSA MARTINEZ, individually; DAVID         )
MASON, on behalf of TRICIA MASON;             )
MICHAEL MASTERS, individually; DAVID          )
MATAKIEWICZ, individually; JEFFREY            )
MATAKIEWICZ, individually; JOHN               )
MCGLYNN, individually; AMY MCGOOGAN,          )
individually; JOE MCGRATH, individually;      )
JACQUALYNN MCNEAL, individually;              )
GREGORY MECH, individually; SARA              )
METZGER, individually; VALERIE MEZYDLO,       )
individually; KAREN SILVA, individually;      )
JOANN SOLTIS, individually; MARILYN           )
SULLIVAN, individually; THOMAS WATTAM,        )
individually; ADRIANNE WEYFORTH,              )
individually; IRENE DOYLE, individually;      )
WILLIAM DOYLE, individually; AUDREY           )
ITHAL, individually; GLENN ITHAL,             )
individually; NICOLE ITHAL, individually;     )
EDWIN KRYSTOF, individually; LAWRENCE         )
REINSTEIN, individually; NICOLE MUNOZ,        )
individually; BRIAN LUCITT, individually;     )
GERALDINE FITZGIBBONS, individually;          )
CONSTANCE FREDRICK, individually;             )
HARRY FREDRICK, individually; MARYLOU         )

3

1333290v1

FREEMAN, individually; DANIEL FRIBERG, )
individually; EVERETT GALUSHA, on behalf of )
MARY ANN GALUSHA; ADRIAN GARIBAY, )
individually; JANET GERVASIO, individually; )
STANLEY GIERTUGA, individually; KURT )
GREGORY, individually; ANGELA GRIGOLA, )
individually; SUSAN GRIGOLA, individually; )
DIANA GUSTAFSON, for the Estate of ELMER )
GUSTAFSON; DUANE HANACEK, SR., for )
the Estates of BERNICE HANACEK and )
DUANE HANACEK, JR.; PAMELA HARVEY, )
individually; AMANDA WOYTEK, individually; )
AMY TEJADA, individually; ANNE WISE, )
individually; AUBREY LYNN TUTTLE, )
individually; BRIANNE MARIE TUTTLE, )
individually; CURTIS HALEY, individually; )
HOUSTAN THOMAS, individually; )
KATHLEEN YOUNG, individually; KEVIN )
WALSH, individually; MELISSA ZIRBEL, )
individually; PAM TERRAZZINO, individually; )
PAUL TON, individually; ELIZABETH LYSIK, )
individually; SUSAN KHATTAH, for the Estates )
of DONALD CHEFFER and BETTY CHEFFER; )
KATHLEEN PARKER, individually; ROBERT )
O'TOOLE, individually; SYLVIA PERRY, )
individually; CATHERIN PETERSON, )
individually; DENNIS POLAK, individually; )
GARY PONDEL, individually; NANCY POTTER, )
individually; SANDY REINSTEIN, individually; )
GERALD MITCHELL, individually; THOMAS )
MITCHELL, individually; MAUREEN )
MOSSMAN, individually; ERNEST MUSILEK, )
individually; ERIC MUSILEK, individually; )
JASON NIEMOTH, on behalf of ANNETTE )
NIEMOTH; VINCE TERRAZZINO, individually; )
WILLIAM THOMPSON, individually; WILLOW )
WISE, individually; SHARYN SZWAJKOWSKI, )
individually; BETH DIVIRGILIO, on behalf of )
DAMEN O'SHEA; RENATA CORLEY, )
individually; KAREN MYSLIWEC, on behalf of )
DENNIS WIKA; ROSEMARY STASZEL, )
individually; BRIAN KWASNY, on behalf of )
DIANE KWASNY; KATHY LUDWIG )
HERNANDEZ, individually; JENNIFER )
BITTNER, individually; HARRIET O'NEILL, )
individually; LAYNE NOVAK, individually; )

4

TRACY WILKINSON, individually; BRYAN )
MEYER, individually; PHILLIP ABETE, for the )
Estate of BEVERLY ABETE; THERESA )
BARNES, individually; THEODORE BERCH, )
individually; JOEANN CASEY, individually; )
SHAWN CONWAY, individually; JOHN )
DEL MURO, individually; DION DWYER, )
individually; DEBORAH FLANNIGAN, )
individually; ALEXANDER GUYETTE, )
individually; JOANNE HAASE, individually and )
for the Estate of ROBERT HAASE; PAUL )
HERNANDEZ, individually; TAMMY M. )
LAWSON-HERNANDEZ, individually; )
MICHAEL HOULIHAN, individually; RUBY )
JANES, individually; DAVID JEROSKI, )
individually and for the Estate of ALBERT )
JEROSKI; CHRISTINE JIMENEZ, individually; )
MARGARET JOHNSON, individually; PERRY )
JORDAN, individually and for the Estate of )
INGEBORG JORDAN; BONITA LOEFFEL, )
individually; WILLIAM LOEFFEL, individually )
and for the Estate of SANDRA LOEFFEL; )
RICHARD RODRIGUEZ, for the Estate of )
KAREN ANN RODRIGUEZ; HOWARD SMITH, )
individually; AMY STERN, individually; )
SOCORRO DEL MURO, individually; )
ANTHONY STERNS, individually; )
CONSTANTINO VIVACQUA, individually; )
ARTHUR WACHOLZ, individually; JUDITH )
WACHOLZ, individually; ANNA WHITCOMB, )
individually; SANDRA WHITE, for the Estate of )
ROBERT WHITE; BARBARA HULL, )
individually; LINDA JODY, individually and for )
the Estate of ROBERT and KAREN NIELSEN; )
CHRISTIE JOSZA, individually; EILEEN JOSZA, )
individually and on behalf of KAILYN JOSZA, )
minor; JENNIFER JOSZA-FEY, individually; )
KAREN KACZYNSKI, individually; RONALD )
KACZYNSKI, individually; ELLEN )
KARKOSKA, individually; GARY KISSEL, for )
the Estate of KENNETH KISSEL; ROSE )
LAMANTIA, for the Estates of MAURICE and )
MARY LAMANTIA; DEREK )
KALCHBRENNER, individually; BRENDA J. )
KILLIN, individually; DEBBIE LARCHER, )
individually; THOMAS P. LEAHY, individually; )

5

TYLER MCMASTER, individually; TERRANCE )
O'NEIL, individually; LISA PRZYBYLA, )
individually; MICHAEL RAMPICK, individually; )
TERESA RICE, individually; NICHOLE ROSS, )
individually; KARIE SCACCIA, on behalf of )
ANTHONY SCACCIA; SABRINA RODRIGUEZ, )
individually; MICHAEL ARLEN, individually; )
ELIZABETH T. MCDERMOTT, individually; )
SUZANNE STUDZINSKI, individually; SARA )
TERZICH, individually; MICHAEL )
SEWERYNOW, individually; MARCY ULASICH, )
individually; LOUISE SOLNER, individually; )
LAWRENCE SPARKS, individually; JEFFERY )
JOHN TUTTLE, individually; GREG SEEBER, )
individually; DIANE ULASICH, individually; )
DEBORAH TERZICH, individually; ALYSSA )
THOMPSON, individually; ALEX TERZICH, )
individually; ALLYSON FALLS, individually; )
TRICIA KRAUSE, for the Estate of BROOKE )
FRY; CLAUDIA MILLER, individually; JOSEPH )
CAMPBELL, individually; LARRY SNYDER, as )
Special Administrator of the Estate of LILLIAN )
SNYDER; SHIRLEY STEPP, individually; )
ROBERT DUNLEAVY, individually; ARNOLD )
WARD, individually; MICHELE MAAN DE KOK, )
for the Estate of JOHN MAAN DE KOK, )
deceased; ABBY SARENA, individually; PEGGY )
JOHNSON, individually; DONALD LYNCH, )
individually; RON DROZD, individually; )
BEATRICE DIETTERLE, for the Estate of PAUL )
DIETTERLE, and JAMES, DANIEL, PAUL, JR., )
and BRIAN DIETTERLE; MICHAEL GRAHAM, )
individually; BARBARA ROBERSON, )
individually; CHIQUITA MCMILLAN, )
individually; PAMELA STERBA, individually; )
JOYCE and KENNETH WESOLOWSKI, )
individually; DONALD SIGNORE, individually )
and for the Estate of DARYL SIGNORE; KRISTIN )
STERBA, individually; BRIAN DONAUBAUER, )
individually; TODD ROTHMAN, individually; )
LINDA SPENCER, individually; DANIEL )
FLEMING, individually; LINDA TOMCZUK, )
individually; DAWN FRY, individually; FRED )
JONES, individually; MARIA EGAN, individually; )
ERIC PLYMAN, individually; MATTHEW )
SCHOBER, individually; RONALD KOOIMA, )

6

1333290v1

individually; EILEEN COLEMAN, individually;  )
MICHAEL WAKEHAM, for the Estate of            )
ROBERT WAKEHAM; SHIRLEY and LANA              )
OLATUNDE, individually; MARY SMETANA,         )
individually; JOSEPH MARZANO, individually;   )
KATHRYN TORRISI, individually; DIANA          )
DELAROSA, individually; REGINA ROWAN,         )
individually; JANET ELLER, individually;      )
PHILLIP GORECKI, individually; BRIANNE        )
KRAUSE, individually; MATTHEW KRAUSE,         )
individually; and THOMAS ULASICH,             )
individually,

       *Defendants*.

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, TWIN CITY FIRE INSURANCE COMPANY ("Twin City"), by and through its attorneys, Karbal, Cohen, Economou, Silk & Dunne, LLC, and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, states:

## NATURE OF ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Twin City seeks a declaration of the parties' rights and obligations under insurance policies issued by Twin City to the Village of Crestwood (the "Village") with respect to the underlying claims and lawsuits brought by or on behalf of the Claimant Defendants (collectively, the "Underlying Claims").

2. An actual and justiciable controversy exists between the parties regarding whether there is coverage for the Underlying Claims under the Twin City policies. Consequently, Twin City is seeking a declaration that it has no coverage obligations under the Twin City policies to the Village, Chester Stranczek, Robert Stranczek, and Frank Scaccia (Chester and Robert Stranczek and Frank Scaccia are collectively referred to as the "Individual Defendants") regarding the Underlying Claims.

## PARTIES

3.      Plaintiff Twin City Fire Insurance Company is an insurance company and citizen of, and organized and existing under the laws of, the State of Indiana, with its principal place of business located in Hartford, Connecticut.

4.      Defendant Village of Crestwood is an Illinois citizen and a municipal corporation.

5.      Defendant Chester Stranczek is a citizen and resident of Florida and was the former mayor of the Village of Crestwood from, at least, 1969 through October 2007.

6.      Defendant Robert Stranczek is a citizen and resident of Illinois and was the former mayor of the Village of Crestwood from November 2007 to approximately 2013.

7.      Defendant Frank Scaccia is a citizen and resident of Illinois, and was the certified operator of the Village's water supply from 1988 through, approximately, August 2008.

8.      Defendants Gloria E. Barrera, individually and as Special Administrator for the Estate of Rodolfo Sosa, deceased and Irma Sosa, deceased; Valerie Young; Judy Klesker, for the Estate of Gloria Klesker; Brianne Fry; Delores Koprowski, for the Estate of Anthony Koprowski; David Gonzalez; Marilyn Kissell; Kirstin Stroner; Sandra Mcelligott, individually and on behalf of Jane Kramer; Vincent Serafini, individually and for the Estate of Wayne Serafini; Wesley Serafin; Tami Principe; Matthew Fry; Kimberly Cruce; Tony Chapa; David Campbell; Kathleen Lewandowski, for the Estate of Richard Lewandowski; Janet Belak; Dennis Devries, for the Estate of Gwendolyn Devries, Jacob Marek; Linda Schober, individually and on behalf of Stephanie Schober and Ryan Schober; Kristin Bien, for the Estate of James Bien; Ritas Ziupsnys; Susanne Ladino; Daniel Dixon, on behalf of Fredrick Schmaedeke; Danielle Proitt, on behalf of Martin Rodriquez; David Reiniche; Kim Gorzycki, on behalf of Carol Spiewek; Karen Regan; Dawn Kincaid, on behalf of Fred Schneider; Mordena Sephus; Patricia Reiniche; Robert

8

Mudd; Shelley Torsan; Eamond Fitzgerald; Jeffery Adcock, for the Estate of Debra Adcock; Jennifer Arlen; Melissa Arlen; Lois Duncan, on behalf of Norma Duncan; Ronald Arlen; Lynn Avery; Thomas Badal; Sylvia Baker, for the Estate of Elmer Baker; Deborah Bauer; Michael Bell, Sr.; Dianne Berry, individually and for the Estate of Jeffery Berry; Ray Bialek, individually and for the Estate of Donna Bialek; Laura Bland, for the Estate of George Bland; Jeffery Bland; Mary Bolisenga, for the Estate of Joseph Bolisenga; Deborah Boettcher; Kristy Campbell, for the Estate of Michael Bowers; Harold Brady; Dorothy McCullough; Jeffery Ithal; Michael Hauser, on behalf of Scott Hauser, minor; Claudia Jackowiak, individually and for the Estate of Richard Jackowiak; David Jeroski, individually and for the Estate of Mary Jeroski; Ryan Carter, for the Estate of Douglas Johnson; Charles Knox; Bradley Larson, individually and for the Estate of Jean Larson; Asha Matthew; Susan Ezerski, for the Estate of Florence Rachuck; Kathleen Brennan; Carolyn Buoniconti; Frank Caldario; Kristina Tiggelaar, individually and for the Estates of Donald Campbell and John Tiggelaar; Robert Campbell; Sabine Campbell; Raymond Cantelo; Ryan Carter; Tanya Chainey; Angie Chapa; Karen Chaput; Diane Ciezadlo; Frank Ciezadlo; Andrew L. Clark; Kevin Clark; Sharon Connolly; Joyce Consdorf, for the Estate of John Consdorf; Angela Dea; Charlene Earley, for the Estate of Diane Defilipis; Kelly Deluise; Vincent Deluise; Robert Dibenedetto; Susan Diguido; Terry Diguido; Michelle Downey, individually and for the Estate of Brandi Young; Robert Dubin, on behalf of the Estate of Kristin Dubin; Anthony and Monica Fiorenzo, on behalf of Nickolas Fiorenzo, minor; Barbara Maclean; Harry Maclean; Jacquelyn Malden; Matthew Mariamma; Dave Marszalek; Vanessa Martinez; David Mason, on behalf of Tricia Mason; Michael Masters; David Matakiewicz; Jeffrey Matakiewicz; John McGlynn; Amy McGoogan; Joe McGrath; Jacqualynn McNeal; Gregory Mech; Sara Metzger; Valerie Mezydlo; Karen Silva; Joann Soltis; Marilyn Sullivan; Thomas

9

Wattam; Adrianne Weyforth; Irene Doyle; William Doyle; Audrey Ithal; Glenn Ithal; Nicole Ithal; Edwin Krystof; Lawrence Reinstein; Nicole Munoz; Brian Lucitt; Geraldine Fitzgibbons; Constance Fredrick; Harry Fredrick; Marylou Freeman; Daniel Friberg; Everett Galusha, on behalf of Mary Ann Galusha; Adrian Garibay; Janet Gervasio; Stanley Giertuga; Kurt Gregory; Angela Grigola; Susan Grigola; Diana Gustafson, for the Estate of Elmer Gustafson; Duane Hanacek, Sr., for the Estates of Bernice Hanacek and Duane Hanacek, Jr.; Pamela Harvey; Amanda Woytek; Amy Tejada; Anne Wise; Aubrey Lynn Tuttle; Brianne Marie Tuttle; Curtis Haley; Houstan Thomas; Kathleen Young; Kevin Walsh; Melissa Zirbel; Pam Terrazzino; Paul Ton; Elizabeth Lysik; Susan Khattah, for the Estates of Donald Cheffer and Betty Cheffer; Kathleen Parker; Robert O'Toole; Sylvia Perry; Catherin Peterson; Dennis Polak; Gary Pondel; Nancy Potter; Sandy Reinstein; Gerald Mitchell; Thomas Mitchell; Maureen Mossman; Ernest Musilek; Eric Musilek; Jason Niemoth, on behalf of Annette Niemoth; Vince Terrazzino; William Thompson; Willow Wise; Sharyn Szwajkowski; Beth Divirgilio, on behalf of Damen O'Shea; Renata Corley; Karen Mysliwec, on behalf of Dennis Wika; Rosemary Staszel; Brian Kwasny, on behalf of Diane Kwasny; Kathy Ludwig Hernandez; Jennifer Bittner; Harriet O'Neill; Layne Novak; Tracy Wilkinson; Bryan Meyer; Phillip Abete, for the Estate of Beverly Abete; Theresa Barnes; Theodore Berch; Joeann Casey; Shawn Conway; John Del Muro; Dion Dwyer; Deborah Flannigan; Alexander Guyette; Joanne Haase, individually and for the Estate of Robert Haase; Paul Hernandez; Tammy M. Lawson-Hernandez; Michael Houlihan; Ruby Janes; David Jeroski, individually and for the Estate of Albert Jeroski; Christine Jimenez; Margaret Johnson; Perry Jordan, individually and for the Estate of Ingeborg Jordan; Bonita Loeffel; William Loeffel, individually and for the Estate of Sandra Loeffel; Richard Rodriguez, for the Estate of Karen Ann Rodriguez; Howard Smith; Amy Stern; Socorro Del Muro; Anthony Sterns;

10

Constantino Vivacqua; Arthur Wacholz; Judith Wacholz; Anna Whitcomb; Sandra White, for the Estate of Robert White; Barbara Hull; Linda Jody, individually and for the Estate of Robert and Karen Nielsen; Christie Josza; Eileen Josza, individually and on behalf of Kailyn Josza, minor; Jennifer Josza-Fey; Karen Kaczynski; Ronald Kaczynski; Ellen Karkoska; Gary Kissel, for the Estate of Kenneth Kissel; Rose Lamantia, for the Estates of Maurice and Mary Lamantia; Derek Kalchbrenner; Brenda J. Killin; Debbie Larcher; Thomas P. Leahy; Tyler McMaster; Terrance O'Neil; Lisa Przybyla; Michael Rampick; Teresa Rice; Nichole Ross; Karie Scaccia, on behalf of Anthony Scaccia; Sabrina Rodriguez; Michael Arlen; Elizabeth T. McDermott; Suzanne Studzinski; Sara Terzich; Michael Sewerynow; Marcy Ulasich; Louise Solner; Lawrence Sparks; Jeffery John Tuttle; Greg Seeber; Diane Ulasich; Deborah Terzich; Alyssa Thompson; Alex Terzich; Allyson Falls; Tricia Krause, for the Estate of Brooke Fry; Claudia Miller; Joseph Campbell; Larry Snyder, as Special Administrator of the Estate of Lillian Snyder; Shirley Stepp; Robert Dunleavy; Arnold Ward; Michele Maan de Kook, for the Estate of John Maan de Kok, deceased; Abby Sarena; Peggy Johnson; Donald Lynch; Ron Drozd; Beatrice Dieterle, for the Estate of Paul Dietterle, and James, Daniel, Paul, Jr. and Brian Dietterle; Michael Graham; Barbara Roberson; Chiquita McMillan; Pamela Sterba; Joyce and Kenneth Wesolowski; Donald Signore, individually and for the Estate of Daryl Signore; Kristin Sterba; Brian Donaubeauer; Todd Rothman; Linda Spencer; Daniel Fleming; Linda Tomczuk; Dawn Fry; Fred Jones; Maria Egan; Eric Plyman; Matthew Schober; Ronald Kooima; Eileen Coleman; Michael Wakeham, for the Estate of Robert Wakeham; Shirley and Lana Olatunde; Mary Smetana; Joseph Marzano; Kathryn Torrisi; Diana Delarosa; Regina Rowan; Janet Eller; Phillip Gorecki; Brianne Krause; Matthew Krause; and Thomas Ulasich (collectively the "Claimant Defendants") are citizens and residents of the State of Illinois. The Claimant Defendants are named in this matter only as

parties with a potential interest in the insurance dispute among Twin City, the Village, and the Individual Defendants. Should any Claimant Defendant agree to be bound by the decision in this case, Twin City will dismiss them from this lawsuit.

## JURISDICTION AND VENUE

9.      This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

10.     An actual, justiciable controversy exists between Plaintiff and the Defendants within the meaning of 28 U.S.C. §§ 2201 and 2202 regarding the scope and extent of insurance coverage provided under the Twin City policies, as more particularly described below.

11.     This Court has diversity jurisdiction, pursuant to 28 U.S.C. §1332(a)(1), because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

12.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to this actin took place in this District.

## UNDERLYING CLAIMS

13.     This action addresses insurance coverage for claims and lawsuits brought by the Claimant Defendants alleging that the Village and the Individual Defendants intentionally contaminated the Village water supply, fraudulently concealed the presence of the contaminants in the Village water supply and knowingly distributed the contaminated water to residents of the Village and the public at-large. The claims and lawsuits are individually listed in Exhibit A. The Individual Defendants are named as defendants or have claims asserted against them in some, but not all, of the Underlying Claims.

12

14.     The Underlying Claims all arise out of the same or similar factual allegations. The Claimant Defendants typically allege that consumers of tap water in the Village were unknowingly drinking water contaminated with toxic chemicals linked to health problems, including cancer.  The alleged that the source of contamination was a Crestwood municipal well (the "Well #1").

15.     The Claimant Defendants further allege that around 1985-1986, government officials advised the Village of the presence of dangerous chemicals in the Well #1, which chemicals included perchloroethylene ("PCE"), which breaks down into dichloroethylene ("DCE") and vinyl chloride.

16.     The Claimant Defendants also allege that Village and the Individual Defendants were aware of the tests results which indicated that the Well #1 was contaminated with hazardous chemicals and was unsafe for ordinary and usual use.

17.     The Claimant Defendants further contend that, from at least September 1986 through August 2008, the Village fraudulently represented to the State of Illinois and its officials and to residents of the Village that the Village would not use the contaminated Well #1 except in emergencies and that it would obtain its tap water from Lake Michigan sources.

18.     The Claimant Defendants further allege that, from at least September 1986 through April 2009, the Village, through the actions and direction of its employees and agents, including the Individual Defendants, repeatedly took active steps to conceal the Village's use of the contaminated Well #1 from the State of Illinois and its officials and the residents of the Village.

19.     In August 2011, the federal government filed a federal indictment against Defendant Scaccia, and Theresa Neubauer, a former Village Water Department supervisor,

13

which outlined allegations of a systematic cover-up by the Village concerning its use of Well #1.

20.     On or about April 13, 2013, Defendant Scaccia pleaded guilty to a federal indictment alleging that in the course of his employment with the Village, he knowingly and intentionally caused the preparation and submission of reports to the Illinois Environmental Protection Agency containing materially false assertions that Well #1 was in standby status and that no water from Well #1 was being distributed to Village residents.

21.     On or about April 29, 2013, Theresa Neubauer was convicted and found guilty on all counts of the federal indictment alleging that, in the course of her employment with the Village, she knowingly and intentionally caused the preparation and submission of reports to the Illinois Environmental Protection Agency containing materially false assertions that Well #1 was in standby status and that no water from Well #1 was being distributed to Village residents.

22.     Despite the fact that the Village and the Individual Defendants were aware that Well #1 was contaminated with dangerous chemicals, from 1985 through 2007, the Village intentionally concealed the use of the Well #1 and knowingly continued to contaminate the Village water supply.

23.     Following testing by the United States Environmental Protection Agency, Well #1 was shut down in December 2009.

24.     While the Underlying Claims are based on various theories of liability, the Claimant Defendants allege that since 1985 or 1986, the Village has been aware that its tap water supply had become contaminated by dangerous chemicals, but the Village fraudulently, knowingly and intentionally concealed these facts from government officials and its water consumers.

14

## THE TWIN CITY POLICIES

25.     Twin City issued to the Village the following Public Entity General Liability

Insurance Policies:

| Policy Number | Policy Period |
|---|---|
| 83 CES QL1139 | 10/1/1994 – 10/1/1995 |
| 83 CES QL4992 | 10/1/1995 – 10/1/1996 |
| 83 CES QL8215 | 10/1/1996 – 10/1/1997 |

(collectively the "Primary Policies").

26.     The Primary Policies contain the following policy language:

**SECTION I – COVERAGES**

**Bodily Injury, Property Damage, Personal Injury, Advertising Injury and Employee Benefits Injury**

1.      **Insuring Agreement.**

We will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of "bodily injury," "property damage," "advertising injury," "personal injury" or "employee benefits injury" to which this policy applies.  We will have the right and duty to defend any "claim" or "suit" seeking those damages.  We may at our discretion investigate any "occurrence" or "offense" and settle any such "claim" or "suit" that may result.  But:

a.      The amount we will pay for damages is limited as described in Limits of Liability (Section III); and

b.      Our right and duty to defend end when we have used up the applicable limit of liability in the payment of judgments or settlements to which this policy applies.

*       *       *

This policy applies to "bodily injury," "property damage," "personal injury," "advertising injury" and "employee benefits injury" only if:

a.      (1)      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory," and

(2)      The "bodily injury" or "property damage" occurs during the "policy period;"

*       *       *

2.      **Exclusions**.

This policy does not apply to:

15

a.    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*      \*      \*

f.    (1)    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants:"

(a)    At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

(b)    At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c)    Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible;

(d)    At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations; or

(e)    To the extent that any such "bodily injury" or "property damage" is included in the "products-completed operations hazard."

(2)    Any loss, cost or expense arising out of any:

(a)    Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

(b)    "Claim" or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants."

"Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

16

**SECTION II – WHO IS AN INSURED**

Each of the following is an insured:

1.      You.

2.      Any commission, board, authority, administrative department or other similar unit operated by or under your jurisdiction.

3.      Your employees and authorized volunteers, including emergency medical technicians and paramedics; but only for acts within the scope of their employment or as authorized by you or as covered under the Good Samaritan Liability Extension below. …

*       *       *

4.      Any duly elected or appointed officials and members of your governing body.

*       *       *

**SECTION V - DEFINITIONS**

*       *       *

5.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death from any of these.

*       *       *

15.     "Occurrence" means, with respect to "bodily injury" and "property damage," an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*       *       *

20.     "Property damage" means:

      a.      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      b.      Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

27.     Twin City issued to the Village the following Excess Liability Policies:

| Policy Number | Policy Period |
|---|---|
| 83 PSS SA7528 | 10/1/1994 – 10/1/1995 |
| 83 PSS QL2564 | 10/1/1995 – 10/1/1996 |
| 83 PSS QL5815 | 10/1/1996 – 10/1/1997 |

1333290v1

(collectively, the "Excess Policies"). (The Primary and Excess Policies are collectively referred to as the "Twin City Policies").

28.     The Excess Policies contain the following policy language:

### EXTENSION SCHEDULE OF UNDERLYING INSURANCE POLICIES

…*Except as otherwise provided by this policy, the Insurance afforded herein shall follow all the terms, conditions, definitions and exclusions of the "controlling underlying insurance policy.

\*          \*          \*

**SECTION I – COVERAGES**

1.     **Insuring Agreement.**

    a.     We will pay on behalf of the insured all sums that the insured shall become legally obligated to pay as damages which are:

        (1)     Because of any injury or damage for which insurance is afforded by the "controlling underlying insurance policy;" and

        (2)     Not excluded or modified by the Exclusions, Conditions, Definitions, or any other terms of this policy.

But only to the extent that such damages are in excess of the total limits of "underlying insurance" that have been reduced or exhausted solely by payment of that portion of judgments or settlements to which this policy applies.

\*          \*          \*

2.     **Exclusions.**

This policy does not apply to:

    a.     Remedies Other Than Damages

    Fines, penalties, restitutionary or equitable relief.

\*          \*          \*

    f.     Pollution

        (1)     Any injury or damage arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants:"

            (a)     At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph (a) does not apply to any injury or damage arising out of the heat, smoke or

fumes from a "hostile fire," but only to the extent that "underlying insurance" providing such coverage is:

(i)    Maintained having limits as set forth in the "controlling underlying insurance policy" and all other "underlying insurance;" and

(ii)    In full compliance with and subject to the Maintenance Of Underlying insurance Condition (Section IV) and all other terms and conditions of this policy, including all endorsements attached hereto.

(b)    At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c)    Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible;

(d)    At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations;

(e)    To the extent that any such injury or damage is included in the "products-completed operations hazard;"

(f)    That are, or that are contained in any property that is:

(i)    Being transported or towed by, or handled for movement into, onto or from the covered "auto;"

(ii)    Otherwise in the course of transit by any insured; or

(iii)    Being stored, disposed of, treated or processed in or upon the covered "auto;"

(g)    Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by any insured for movement into or onto the covered "auto;" or

(h)    After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by any insured.

(2)    Any loss, cost or expense arising out of any:

(a)    Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or

19

neutralize, or in any way respond to, or assess the effects of "pollutants;" or

    (b)    "Claim" or "Suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants."

"Hostile fire" means a fire which becomes uncontrollable or breaks out from where it was intended to be.

"Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

\*     \*     \*

## SECTION II – WHO IS AN INSURED

The following is an insured:

1.    Any person or organization who is an insured under the "controlling underlying insurance policy" with limits of liability at least as high as set forth in the Extension Schedule of Underlying Insurance, subject to all the limitations upon coverage and all other policy terms and conditions of such "controlling underlying insurance policy" and this policy.

\*     \*     \*

## SECTION V – DEFINITIONS

\*     \*     \*

6.    "Controlling underlying insurance policy" means the insurance policy listed in item 6. of the Declarations or set forth as such in the Extension Schedule of Insurance Policies

\*     \*     \*

14.    "Occurrence" means an accident or occurrence as defined in and covered by the "controlling underlying insurance policy."

\*     \*     \*

19.    "Underlying insurance" means the insurance policies listed in the Extension Schedule of Underlying Insurance Policies, including any renewals or replacements thereof, which provide the underlying coverages and limits sated in such Extension Schedule. A limit of "underlying insurance" includes any deductible amount, any participation of the insured, or any amount retained by the insured above or beneath any such policy, less the amount, if any, by which the aggregate limit of such that portion of judgments or settlements to which this policy applies, taking place during

20

the "policy period" of this policy. The coverage and limits of such "underlying insurance" policies and any such deductible amount, participation or any amount retained by the insured shall be deemed applicable regardless of (1) any defense which any underlying insurer may assert because of any insured's failure to comply with any condition in its policy or (2) the actual or alleged insolvency or financial impairment of any underlying insurer or any insured. The risk of insolvency or financial impairment of any underlying insurer or any insured is borne by insureds or others and not by us.

\*        \*        \*

## COUNT I
### (Declaratory Judgment - No Occurrence)

27.     Twin City hereby incorporates and re-alleges the allegations in Paragraph 1-26 of this Complaint as if fully set forth herein.

28.     The Twin City Policies only provide coverage for "bodily injury" or "property damage" cause by an "occurrence," which is defined in relevant part to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

29.     The Underlying Claims allege that the Village and the Individual Defendants were aware that the Well #1 contained contaminated and harmful chemicals, but the Village nonetheless provided, supplied or sold that water from the Well #1 to the Underlying Claimants resulting in bodily injury and/or property damage.

30.     The Village's and the Individual Defendants' conduct in fraudulently concealing the use of Well # 1 does not constitute an accident or otherwise satisfy the definition of an "occurrence" contained in each of the Twin City Policies.

31.     The Village's and the Individual Defendants' conduct in knowingly and intentionally contaminating the Village water supply does not constitute an accident or otherwise satisfy the definition of an "occurrence" contained in each of the Twin City Policies.

32. The Village's and the Individual Defendants' conduct in knowingly and intentionally providing, supplying or selling contaminated water does not constitute an accident or otherwise satisfy the definition of an "occurrence" contained in each of the Twin City Policies

WHEREFORE, for the reasons set forth above, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, respectfully prays for judgment as follows:

A. Declaring that the Twin City Policies do not provide coverage for the Underlying Claims;

B. Declaring that Twin City has no obligation under the Twin City Policies to defend, reimburse defense costs or indemnify the Village, the Individual Defendants or any other alleged insured under the Twin City Policies for any "bodily injury" or "property damage" alleged in the Underlying Lawsuit;

C. Declaring that Twin City has no obligation to defend, reimburse defense costs or indemnify the Village, the Individual Defendants or other alleged insured under the Twin City Policies in connection with any claims, liabilities, loss or damages in connection with the Underlying Claims; and

D. Awarding such other and further relief as the Court deems just, equitable and proper.

**COUNT II**
**(Declaratory Judgment - Expected and Intended)**

33. Twin City hereby incorporates and re-alleges the allegations in Paragraph 1-32 of this Complaint as if fully set forth herein.

34. The Twin City Policies exclude coverage for any "bodily injury" or "property damage" that was expected or intended from the standpoint of the insured.

35.    The Underlying Complaints typically allege that the Village and the Individual Defendants were aware that the Well #1 contained contaminated and harmful chemicals, but the Village nonetheless provided, supplied or sold water from the Well #1 to the Underlying Claimants resulting in bodily injury and/or property damage.

36.    The injuries and damages as alleged in the Underlying Claims are the foreseeable, natural and/or ordinary consequences of Village's and/or the Individual Defendants' conduct in fraudulently concealing their intentional use of contaminated Well # 1.

37.    The injuries and damages as alleged in the Underlying Claims are the foreseeable, natural and/or ordinary consequences of Village's and/or the Individual Defendants' conduct in knowingly and intentionally contaminating the Village water supply.

38.    The injuries and damages as alleged in the Underlying Claims are the foreseeable, natural and/or ordinary consequences of Village's and the Individual Defendants' conduct in knowingly and intentionally providing, supplying or selling contaminated water to the Underlying Claimants.

39.    Inasmuch as the injuries and damages alleged in the Underlying Claims were either expected or intended from the standpoint of the Village and/or the Individual Defendants, the Twin City Policies provide no coverage for the Underlying Claims.

WHEREFORE, for the reasons set forth above, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, respectfully prays for judgment as follows:

A.    Declaring that the Twin City Policies do not provide coverage for the Underlying Claims;

B.    Declaring that Twin City has no obligation under the Twin City Policies to defend, reimburse defense costs or indemnify the Village, the Individual

23

Defendants or any other alleged insured under the Twin City Policies for any "bodily injury" or "property damage" alleged in the Underlying Lawsuit;

C. Declaring that Twin City has no obligation to defend, reimburse defense costs or indemnify the Village, the Individual Defendants or other alleged insured under the Twin City Policies in connection with any claims, liabilities, loss or damages in connection with the Underlying Claims; and

D. Awarding such other and further relief as the Court deems just, equitable and proper.

## COUNT III
### (Declaratory Judgment - Known Loss)

40. Twin City hereby incorporates and re-alleges the allegations in Paragraph 1-39 of this Complaint as if fully set forth herein.

41. The Twin City Policies provide coverage only for losses that are fortuitous, contingent or unknown, and accordingly, no coverage is provided for to the extent the claims constitute a known loss or loss-in-progress at the inception of one or more of the Twin City Policies.

42. The Underlying Complaints typically allege that the Village and the Individual Defendants were aware, in approximately 1985 or 1986, that the Well #1 contained contaminated and harmful chemicals, but the Village nonetheless provided, supplied or sold that water from the Well #1 resulting in bodily injury and/or property damage to the Underlying Claimants.

43. The Village and the Individual Defendants knew, or had reason to know, at the time they completed the application for the Twin City Policies and prior to the time each of the Twin City Policies incepted, that there was a substantial probability that a loss or liability would ensue as a result of contaminating the Village water supply.

24

1333290v1

44.     The Village and the Individual Defendants knew, or had reason to know, at the time they completed the application for the Twin City Policies, and prior to the time each of the Twin City Policies incepted, that there was a substantial probability that a loss or liability would ensue as a result of providing, supplying or selling contaminated water to the Underlying Claimants.

45.     Accordingly, coverage for the Underlying claims is barred by the known loss and/or loss in progress doctrine.

WHEREFORE, for the reasons set forth above, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, respectfully prays for judgment as follows:

A.   Declaring that the Twin City Policies do not provide coverage for the Underlying Claims;

B.   Declaring that Twin City has no obligation under the Twin City Policies to defend, reimburse defense costs or indemnify the Village, the Individual Defendants or any other alleged insured under the Twin City Policies for any "bodily injury" or "property damage" alleged in the Underlying Lawsuit;

C.   Declaring that Twin City has no obligation to defend, reimburse defense costs or indemnify the Village, the Individual Defendants or any other alleged insured under the Twin City Policies in connection with any claims, liabilities, loss or damages in connection with the Underlying Claims; and

D.   Awarding such other and further relief as the Court deems just, equitable and proper.

1333290v1

### COUNT IV
### (Declaratory Judgment - Pollution Exclusion)

46.     Twin City hereby incorporates and re-alleges the allegations in Paragraph 1-45 of this Complaint as if fully set forth herein.

47.     The Twin City Policies exclude coverage for any "bodily injury" or "property damage" that arises out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutant."

48.     The damages alleged in the Underlying Claims arise out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants.

49.     Accordingly, coverage for the Underlying Claims is excluded by the pollution exclusions contained in each of the Twin City Policies.

WHEREFORE, for the reasons set forth above, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, respectfully prays for judgment as follows:

A.     Declaring that the Twin City Policies do not provide coverage for the Underlying Claims;

B.     Declaring that Twin City has no obligation under the Twin City Policies to defend, reimburse defense costs or indemnify the Village, the Individual Defendants or any other alleged insured under the Twin City Policies for any "bodily injury" or "property damage" alleged in the Underlying Lawsuit;

C.     Declaring that Twin City has no obligation to defend, reimburse defense costs or indemnify the Village or the Individual Defendants or other alleged insured under the Twin City Policies in connection with any claims, liabilities, loss or damages in connection with the Underlying Claims; and

1333290v1

D. Awarding such other and further relief as the Court deems just, equitable and proper.

## COUNT V
## (Declaratory Judgment - Other Policy Defenses)

50. Twin City hereby incorporates and re-alleges the allegations in Paragraph 1-49 of this Complaint as if fully set forth herein.

51. In the event that coverage is not barred by Counts I-IV, coverage is nonetheless barred by various other defenses.

52. Specifically, Twin City requests that this Court determine and declare that Twin City has no, and never had any, obligation under the Twin City Policies or otherwise, to defend or indemnify the Village, the Individual Defendants or any other alleged insured in connection with the Underlying Claims based on one or more of the following grounds:

(a) Coverage is barred to the extent there was a negligent or intentional failure to disclose, and/or a negligent or intentional concealment, misrepresentation or omission of, facts, material to the risks at issue for purposes of inducing issuance of the Twin City Policies;

(b) Coverage is barred for liabilities arising out of acts or omissions of any individual, entity, or organization that is not an insured, "Named Insured," "Person Insured," or "Additional Insured" under the Twin City Policies;

(c) Coverage is barred to the extent that an insured failed to satisfy any conditions precedent to coverage under the Twin City Policies;

(d) Coverage is barred to the extent that any "bodily injury" or "property damage" occurred prior to the inception of or after the expiration of one or more of the policy periods of the Twin City Policies;

(e)     Coverage is barred to the extent that an insured failed to comply with the notice provisions of the Twin City Policies, including, without limitation, timely and proper notice of the Underlying Claims and or the alleged accidents or occurrences that form the basis for those Claims;

(f)     Coverage may be barred in whole or part by the applicable statute of limitations and/or statute of repose, and/or by the doctrines of laches, unclean hands, waiver, estoppel, res judicata, collateral estoppel, judicial estoppel and/or claim preclusion;

(g)     Coverage is barred to the extent that the Underlying Claims allege or involve an injury that does not constitute "bodily injury" or "property damage," as defined by the Twin City Policies;

(h)     Coverage is barred to the extent that coverage is sought for claims seeking equitable or injunctive relief;

(i)     Coverage is barred to the extent coverage is sought for punitive damages, exemplary damages, fines or penalties;

(j)     Coverage is barred to the extent there has been a failure to mitigate, minimize or avoid any "bodily injury" or "property damage" and/or a failure to mitigate, minimize or avoid liabilities;

(k)     Coverage is barred to the extent there has been a breach of any policy conditions requiring the insured to cooperate with Twin City;

(l)     Coverage may be barred and/or limited due to the existence of other insurance; and

(m)   Coverage is barred and/or limited by virtue of the "per occurrence" and/or the aggregate limits applicable to the Twin City Policies.

WHEREFORE, for the reasons set forth above, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, respectfully prays for judgment as follows:

A.  Declaring that the Twin City Policies do not provide coverage for the Underlying Claims;

B.  Declaring that Twin City has no obligation under the Twin City Policies to defend, reimburse defense costs or indemnify the Village, the Individual Defendants or any other alleged insured under the Twin City Policies for any "bodily injury" or "property damage" alleged in the Underlying Claims;

C.  Declaring that Twin City has no obligation to defend, reimburse defense costs or indemnify the Village, the Individual Defendants or other alleged insured under the Twin City Policies in connection with any claims, liabilities, loss or damages in connection with the Underlying Claims; and

D.  Awarding such other and further relief as the Court deems just, equitable and proper.

1333290v1

Dated: June 23, 2015

         Respectfully submitted,

         TWIN CITY FIRE INSURANCE
         COMPANY

         By:    s:/Dena Economou
               One of Its Attorneys

Dena Economou
Gerald E. Ziebell
Jocelyn F. Cornbleet
**KARBAL, COHEN, ECONOMOU,**
**SILK & DUNNE, LLC**
150 South Wacker Drive, Suite 1700
Chicago, IL 60606
Tel:    (312) 431-3700
Fax:    (312) 431-3670
deconomou@karballaw.com
gziebell@karballaw.com
jcornbleet@karballaw.com